UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:19-cr-00078-JDL-1 |
| | ) |
| DYLAN NEILL, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR STAY OF SENTENCE**

On November 21, 2019, Defendant Dylan Neill pleaded guilty to one count of transfer of obscene material to a minor in violation of 18 U.S.C.A. § 1470 (West 2021). On October 27, 2020, I sentenced Neill to a term of imprisonment of 41 months. Neill now requests that I authorize his release and stay his sentence pending appeal or, alternatively, that I recommend that he be confined in the Cumberland County Jail pending the outcome of his appeal (ECF No. 76). The Government opposes Neill's motion (ECF No. 79). For the reasons that follow, I deny both requests.

**A.     Release and Stay of Sentence Pending Appeal**

An individual who has been found guilty of an offense and sentenced to a term of imprisonment must be detained pending appeal unless the court finds:

> A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>     . . .

1

> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C.A. § 3143(b)(1) (West 2021). Federal Rule of Criminal Procedure 38(b)(1) further provides that when a defendant is released pending appeal, "the court must stay a sentence of imprisonment." A stay of sentence is only appropriate where a defendant has first met the requirements of § 3143(b)(1). *See United States v. DiMattina*, 885 F. Supp. 2d 572, 582 (E.D.N.Y. 2012) ("The court may only stay a sentence of imprisonment if the defendant is released pending appeal.").

Neill argues that because he has appealed his sentence, "it is necessary to stay the sentence so that he does not spend more time confined than required by a correct application of the guideline." ECF No. 76 at 2. However, Neill offers no evidence—much less "clear and convincing evidence" required by § 3143(b)(1)(A)—that he is neither a danger nor a flight risk.

Moreover, Neill does not sufficiently explain why his appeal "raises a substantial question of law or fact likely to result in . . . a reduced sentence." § 3143(b)(1)(B). Such a question is "one that very well could be decided the other way." *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985). Neill states that he "believes the court misapplied the enhancement of [U.S.S.G. §] 2G3.1(4)." ECF No. 76 at 1. However, he does not identify a specific legal or factual question that "could be decided the other way." *Bayko*, 774 F.2d at 523.

Accordingly, Neill has not provided the Court with a basis to order that he be released and his sentence stayed pending appeal.

B.     **Judicial Recommendation**

Federal Rule of Criminal Procedure 38(b)(2) provides that "[i]f the defendant is not released pending appeal, the court may recommend to the Attorney General that the defendant be confined near the place of the trial or appeal for a period reasonably necessary to permit the defendant to assist in preparing the appeal." Neill asks that I recommend that he be confined in the Cumberland County Jail pending the outcome of his appeal. He argues that his "[c]ounsel will need [him] to point out the inaccuracy, direct appellate counsel to the accurate information, and ensure that all of the inaccuracies are properly included in the appeal." ECF No. 76 at 2.

However, any argument based on the Court's application of the § 2G3.1(b)(4) enhancement—which applies when obscene material transferred to a minor "portrays sadistic or masochistic conduct or other depictions of violence"—will likely require an assessment of the images at issue, the Guidelines language, the relevant caselaw, and the transcript of the sentencing hearing. Neill's physical presence is not necessary for counsel to review these materials. In other words, Neill "has not demonstrated any distinctive need to remain in the First Circuit pending the preparation of his appeal." *United States v. DiMasi*, Cr. No. 09–10166–MLW, 2012 WL 831467, *1 (D. Mass. Mar. 12, 2012).

Furthermore, as the Government notes, housing Neill in the Cumberland County Jail would impede his ability to participate in the Bureau of Prisons' 500-Hour Comprehensive Drug Treatment Program and sex offender treatment program, both of which I recommended at sentencing. Given Neill's need for these treatment

programs, I decline to recommend his continued confinement in the Cumberland County Jail.

Accordingly, Neill's Motion for Stay of Sentence (ECF No. 76) is **DENIED.**

**SO ORDERED.**

Dated: March 16, 2021

                                          **/s/ JON D. LEVY**
                                  **CHIEF U.S. DISTRICT JUDGE**